# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**LEONARD STANLEY DRAPER**                                                  **PETITIONER**

**V.**                          **NO. 2:94CR120-B-S**

**UNITED STATES OF AMERICA**                                             **RESPONDENT**

## MEMORANDUM OPINION

Presently before the court is the Petitioner's Motion to Vacate under 28 U.S.C. § 2255. Having reviewed the petition, the court finds that the matter is untimely.

### A. *Factual Background*

On June 2, 1995, Draper pled guilty to distributing crack cocaine for which he was sentenced to 30 years imprisonment. Judgment was entered on December 20, 1995. An appeal was perfected. The conviction and sentence were affirmed on September 16, 1996. More than fifteen years later, on March 21, 2012[1], Draper filed this § 2255 petition challenging his sentence.

### B. *Statute of Limitation*

A prisoner incarcerated by order of a federal court has one year to attack the constitutionality of his sentence. 28 U.S.C. § 2255. The statute provides:

> The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[1] The court did not actually receive the petition until March 28, 2012.

*C. Discussion*

As noted above, the Court of Appeals affirmed Draper's conviction. Draper did not pursue review with the United States Supreme Court. It has been recognized that a conviction becomes final, for purposes of calculating the one-year limitations period, when time expires for filing a petition for certiorari contesting the appellate court's affirmance of conviction. *Clay v. United States*, 537 U.S. 522, 525, 123 S. Ct. 1072, 155 L. Ed. 2d (2003). The *Clay* court held that after a conviction is affirmed by the appellate court, a defendant has 90 days to seek a writ of certiorari. *See* Sup. Ct. R. 13. Draper's conviction, thus, became final upon the expiration of 90 days – the time during which he could have pursued a writ of certiorari.

Draper's conviction was affirmed on September 16, 1996. He had until December 16, 1996 (September 16, 1996, plus 90 days)[2] to seek a writ of certiorari in the United States Supreme Court. For purposes of the statute of limitations, Draper's conviction became final on December 16, 1996. Draper had until December 16, 1997, to timely file his § 2255 petition. Draper, however, filed this petition on March 21, 2012 – some 5,209 days beyond the expiration of the one-year statute of limitations. Therefore, the motion is barred by the one-year statute of limitation unless one of the other three circumstances described in § 2255(f)(2) through (4) is applicable.

Draper, however, does not allege any impediment to submitting the motion or that the Government prevented him from seeking relief. Nor is his motion based on any facts that were not readily apparent at the time he was sentenced. Consequently, the Petitioner's § 2255 motion is untimely.

Rare and exceptional circumstances may nevertheless warrant the application of equitable tolling to an untimely filed habeas petition. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is not available if the petitioner does not act diligently in attempting to meet the

---

[2] September 16, 1996 plus 90 days is December 15, 1996, a Sunday. Under Rule 6(a)(1)(C), if the last day of the period is a Sunday, the period runs until the end of the next business day. Fed. R. Civ. P. (6)(a)(1)(C).

one-year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Furthermore, ignorance of the law and "garden variety claims of excusable neglect, do not warrant the application of equitable tolling." *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). While not expressly asserted by Draper in his motion, there is no equitable basis for extending the limitations period. Accordingly, Draper's habeas petition is barred by the one-year statute of limitation, and the doctrine of equitable tolling will not be used to breathe new life into his claims.

### D. Conclusion

The Petitioner has failed to demonstrate that the sentence imposed upon him should be vacated. His petition is untimely and shall be barred by the one-year limitations period provided under 28 U.S.C. § 2255(f). Therefore, for the foregoing reasons, Petitioner's Motion to Vacate Sentence is denied.

A final judgment in accordance with this opinion will be entered.

THIS the 17th day of May, 2012.

/s/ Neal Biggers  
NEAL B. BIGGERS  
SENIOR U.S. DISTRICT JUDGE